HEATHER M. McKEON, ESQ.; STATE BAR NO.: 186414
Email:  hmckeon@tharpe-howell.com
EDUARDO M. OSORIO, ESQ.; STATE BAR NO.: 323924
Email:  eosorio@tharpe-howell.com

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**

Attorneys for Defendant,
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KAREN SHAPIRO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY; and DOES 1 through 20, inclusive.<br><br>Defendants. | Case No. 2:23-cv-07189 AB (JPRx)<br>[VCSC Case No.: 2023CUIC011675]<br><br>Complaint Filed:  July 21, 2023<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S ANSWER TO THE FIRST AMENDED COMPLAINT OF PLAINTIFF KAREN SHAPIRO**<br><br>District Judge Andre Birotte Jr<br>Magistrate Judge Jean P. Rosenbluth |

COMES NOW Defendant STATE FARM GENERAL INSURANCE COMPANY ("Defendant" or "State Farm"), pursuant to Rules 12 and 81(c), *et seq.* of the Federal Rules of Civil Procedure, and in answer to the First Amended Complaint on file herein admits, and alleges as follows:

### ANSWER TO FIRST AMENDED COMPLAINT

1. State Farm admits the allegations of paragraph 1.

2. State Farm admits the allegations of paragraph 2.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

3.     In answer to the allegations of paragraph 3 of the FAC, Defendant is without knowledge or information sufficient to enable it to answer the allegations alleged therein and, on that basis, denies both generally and specifically the allegations therein.

4.     In answer to the allegations of paragraph 4 of the FAC, Defendant is without knowledge or information sufficient to enable it to answer the allegations alleged therein and, on that basis, denies both generally and specifically the allegations therein.

5.     In answer to the allegations of paragraph 5, Defendant realleges and incorporates by reference each and every respective answer to each and every allegation incorporated by reference in paragraph 5 of the FAC.

6.     State Farm admits the allegations of paragraph 6.

7.     State Farm admits the allegations of paragraph 7.

8.     In answer to the allegations of paragraph 8, State Farm denies that Plaintiff has attached the applicable Policy with endorsements as the Policy attached to the Complaint is form FP-7955 and Plaintiff's Policy with State Farm is form HW-2105. State Farm admits that the actual subject policy insures Plaintiff's home located at 661 Rabbit Creek Lane, Newbury Park, CA 91320, in which Plaintiff resides. The remaining allegations of paragraph 8 are legal conclusions to which no response is required. To the extent any answer is required, Defendant generally and specifically denies the remaining allegations therein.

9.     In answer to the allegations of paragraph 9, State Farm admits that the Policy was in full force and effect through the relevant period of the Policy. State Farm is without knowledge or information sufficient to enable it to answer the remaining allegations alleged therein and, on that basis, denies both generally and specifically the remaining allegations therein.

10.     In answer to the allegations of paragraph 10, State Farm admits that on or about December 14, 2021, Plaintiff's two-story home was damaged from a water

1  intrusion and that Plaintiff notified State Farm of the loss and made a claim for
2  benefits. The remaining allegations of paragraph 10 are legal conclusions to which
3  no response is required. To the extent any answer is required, Defendant generally
4  and specifically denies the remaining allegations therein.

5      11.    The allegations of paragraph 11 are legal conclusions to which no
6  response is required. To the extent any answer is required, Defendant generally and
7  specifically denies the allegations therein.

8      12.    State Farm denies the allegations of paragraph 12.

9      13.    In answer to the allegations of paragraph 13, Defendant admits that it
10 inspected Plaintiff's property once between December 14, 2021, and March 21,
11 2022, and acknowledged damage to her home. State Farm denies the remaining
12 allegations of paragraph 13.

13     14.    In answer to the allegations of paragraph 14, State Farm denies that
14 Plaintiff was forced to hire Robert Sherman or that State Farm was not
15 communicating with Plaintiff or remitting payment for damages to Plaintiff's home.
16 State Farm admits that Plaintiff hired Mr. Sherman of Robert J Sherman Public
17 Adjusters, and Mr. Sherman submitted his cost of repairs to State Farm. State Farm
18 denies this allegation to the extent it suggests that Plaintiff's flooring is continuous
19 from the first floor to the second floor and including the stairs leading to the second
20 floor.

21     15.    State Farm denies that Plaintiff forced State Farm to conduct a joint site
22 inspection to properly adjust Plaintiff's claim. State Farm admits that it did conduct a
23 joint inspection but denies that the inspection occurred on June 14, 2022.

24     16.    In answer to the allegations of paragraph 16, State Farm denies that an
25 inspection occurred on June 14, 2022. State Farm further denies that State Farm
26 ignored Plaintiff's position that there would be variations with the proposed new
27 flooring and the rest of the existing flooring. State Farm denies this allegation to the
28 extent it suggests that the flooring is continuous from the first floor to the second

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

floor, including the stairs. State Farm admits this allegation to the extent it suggests that prior to June 14, 2022, and throughout the claim, State Farm paid what State Farm found to be covered damage in areas affected by the water loss. The remaining allegations of paragraph 16 are legal conclusions to which no response is required. To the extent any answer is required, Defendant generally and specifically denies the remaining allegations of paragraph 16.

17. In answer to the allegations of paragraph 17, State Farm denies that an inspection took place on June 14, 2022, and denies that the parties agreed that the existing flooring is continuous throughout Plaintiff's entire home. State Farm admits that a site inspection took place on June 16, 2022, with P.A. Robert Sherman, Plaintiff, Tim Howard, and State Farm's Alberto Mata present and that Tim Howard brought a box of flooring from the same manufacturer to assess whether the flooring would match. State Farm further admits that Mr. Howard noted a minor variation in color. State Farm further admits it changed its coverage position based at least in part due to Mr. Howard's recommendation.

18. In answer to the allegations of paragraph 18, State Farm admits it paid for the replacement cost of the first level flooring. State Farm denies the remaining allegations of paragraph 18 to the extent the remaining allegations suggest that State Farm withheld benefits due.

19. In answer to the allegations of paragraph 19, State Farm admits that PA sent an email on October 16, 2022, requesting an explanation as to why State Farm only paid for the downstairs flooring, but denies that it did not respond to any of the PA's emails, calls and/or voicemails. State Farm further denies that the flooring is continuous.

20. In answer to the allegations of paragraph 20, State Farm admits that PA sent an email on or about December 5, 2022, but denies ignoring PA's correspondence.

21. State Farm denies the allegations of paragraph 21.

22. In answer to the allegations of paragraph, State Farm admits that Plaintiff hired SB Law Group, LLP but denies that Plaintiff was forced to hire SB Law Group. State Farm admits that SB Law Group sent a demand letter including estimates for the rebuild costs and storage.

23. State Farm denies the allegations of paragraph 23.

24. In answer to the allegations of paragraph 24, State Farm admits that in its May 4, 2023, correspondence, State Farm included a supplemental paint payment for the living room and kitchen but denies that it owed said payment since March 15, 2022.

25. State Farm denies the allegations of paragraph 25.

26. State Farm admits that a joint site inspection was conducted on or about June 8, 2023. State Farm denies the remaining allegations of paragraph 26.

27. State Farm denies the allegations of paragraph 27.

28. State Farm admits the allegations of paragraph 28.

29. State Farm admits that State Farm issued a supplemented payment on June 22, 2023. State Farm denies the remaining allegations of paragraph 29.

30. In answer to the allegations of paragraph 30, State Farm denies the allegations therein to the extent that they suggest that State Farm refuses to pay or is otherwise withholding benefits due under the policy.

31. In answer to the allegations of paragraph 31, Defendant realleges and incorporates by reference each and every respective answer to each and every allegation incorporated by reference in paragraph 31 of the FAC.

32. State Farm admits the allegations of paragraph 32.

33. State Farm admits the allegations of paragraph 33.

34. In answer to the allegations of paragraph 34, State Farm denies that Plaintiff has attached the applicable Policy with endorsements as the Policy attached to the Complaint is form FP-7955 and Plaintiff's Policy with State Farm is form HW-2105. State Farm admits that the actual subject Policy insures the property

located at 661 Rabbit Creek Lane, Newbury Park, CA 91320, in which Plaintiff resides.

35. In answer to the allegations of paragraph 35, State Farm admits that the Policy was in full force and effect at the time of the loss. State Farm is without knowledge or information sufficient to enable it to answer the remaining allegations alleged therein and, on that basis, denies both generally and specifically the remaining allegations therein.

36. In answer to the allegations of paragraph 36, State Farm admits that on or about December 14, 2021, Plaintiff's two-story home was damaged from water intrusion. State Farm further admits that Plaintiff notified State Farm of the loss and made a claim for benefits. The remaining allegations of paragraph 36 are legal conclusions to which no response is required. To the extent that a response is required, Defendant generally and specifically denies the remaining allegations of paragraph 36.

37. The allegations of paragraph 37 are legal conclusions to which no response is required. State Farm denies waiving any conditions of the Policy required to be performed on Plaintiff's part.

38. State Farm denies the allegations of paragraph 38.

39. State Farm denies the allegations of paragraph 39, including subparagraphs a. through c.

40. State Farm denies the allegations of paragraph 40.

41. State Farm denies the allegations of paragraph 41.

42. State Farm reincorporates each and every answer respective to each and every allegation incorporated by reference by paragraph 42.

43. In answer to the allegations of paragraph 43, State Farm admits it accepted premiums from Plaintiff and undertook processing of Plaintiff's claim. The remaining allegations of paragraph 43 are legal conclusions to which no response is required. State Farm denies that it refused or failed to act in good faith and deal fairly

with Plaintiff. State Farm denies that it breached the implied obligation of good faith and fair dealing.

44. State Farm denies the allegations of paragraph 44.

45. State Farm denies the allegations of paragraph 45 and subparagraph a. through n. therein.

46. State Farm denies the allegations of paragraph 46.

47. State Farm denies the allegations of paragraph 47.

48. State Farm denies the allegations of paragraph 48.

49. State Farm denies the allegations of paragraph 49.

50. State Farm denies the allegations of paragraph 50.

51. State Farm denies the allegations of paragraph 51.

52. State Farm denies the allegations of paragraph 52.

53. State Farm denies the allegations of paragraph 53.

54. In answer to the allegations of paragraph 54, State Farm admits that Plaintiff seeks exemplary damages but denies the allegations therein to the extent that they suggest that Plaintiff is entitled to exemplary damages.

55. State Farm reincorporates each and every answer respective to each and every allegation incorporated by reference by paragraph 55.

56. State Farm admits the allegations of paragraph 56.

57. The allegations of paragraph 57 are legal conclusions to which no response is required. To the extent any answer is required, Defendant generally and specifically denies the allegations of paragraph 57.

58. The allegations of paragraph 58 are legal conclusions to which no response is required. To the extent any answer is required, Defendant generally and specifically denies the allegations of paragraph 58.

59. State Farm denies the allegations of paragraph 59.

60. State Farm denies the allegations of paragraph 60 to the extent that paragraph 60 suggests State Farm did not investigate the claim or did not place its

insured's interest at least equal to its own interest. State Farm further denies the allegations of paragraph 60 to the extent that it suggests that State Farm fully denied the subject Claim. State Farm paid all benefits due.

61. State Farm denies the allegations of paragraph 61.

62. The allegations of paragraph 62 are legal conclusions to which no response is required. To the extent any answer is required, Defendant generally and specifically denies the allegations of paragraph 62.

63. State Farm denies the allegations of paragraph 63.

64. State Farm denies the allegations of paragraph 64.

65. State Farm denies the allegations of paragraph 65.

66. State Farm denies the allegations of paragraph 66.

67. State Farm denies the allegations of paragraph 67.

68. State Farm denies the allegations of paragraph 68.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of the FAC on file herein and that Defendant has judgment for its costs, attorneys' fees and for such other and further relief as the Court deems proper.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

1. AS AND FOR A FIRST, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: The FAC, and each and every cause of action and/or claim for relief alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (PROXIMATE CAUSE)

2. AS AND FOR A SECOND, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: The acts alleged to have been committed by Defendant were not the cause in fact, proximate cause, or legal cause of any damages complained of in Plaintiff's FAC.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### THIRD AFFIRMATIVE DEFENSE
### (SUPERSEDING/INTERVENING CAUSE)

3.     AS AND FOR A THIRD, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff and/or other superseding and intervening persons, entities, or incidents, and not Defendant, is the cause of any resulting damages complained of in Plaintiff's FAC.

### FOURTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

4.     AS AND FOR A FOURTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: All damages sustained by Plaintiff, if any, were proximately caused by other parties.

### FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

5.     AS AND FOR A FIFTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff failed to exercise reasonable care to mitigate, minimize, or avoid her alleged damages.

### SIXTH AFFIRMATIVE DEFENSE
### (ACTS OR OMMISSIONS OF OTHERS)

6.     AS AND FOR A SIXTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: If Plaintiff was injured as alleged in the FAC, she was injured by acts or omissions of persons or organizations other than Defendants, who was neither under the control of, nor in the employ of, Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

7.     AS AND FOR A SEVENTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff's cause of action is barred, in whole or in part, by the doctrine of unclean hands.

///

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S ANSWER TO THE FIRST AMENDED COMPLAINT OF PLAINTIFF KAREN SHAPIRO

## EIGHTH AFFIRMATIVE DEFENSE
## (NO ACTUAL INJURY)

8. AS AND FOR AN EIGHTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff's FAC and each cause of action alleged therein is barred because Plaintiff has not suffered any actual injury as a result of the acts complained of.

## NINTH AFFIRMATIVE DEFENSE
## (WAIVER AND ESTOPPEL)

9. AS AND FOR A NINTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff waived her right to assert and/or is estopped from asserting the cause of action against Defendant contained in her FAC by virtue of her own acts and conduct.

## TENTH AFFIRMATIVE DEFENSE
## (TERMS PRECLUDE CLAIM)

10. AS AND FOR A TENTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff's cause of action is barred, in whole or in part, by the terms, conditions, definitions, limitations, policy limits, deductibles, and exclusions contained in the insurance policy issued by Defendant and/or by public policy or express provisions of law.

## ELEVENTH AFFIRMATIVE DEFENSE
## (REASONABLE CONDUCT)

11. AS AND FOR AN ELEVENTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: All acts done by Defendant were performed fairly, in good faith, and for a lawful purpose, and were in compliance with the explicit and implied terms of the policy issued by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
## (NO BREACH OF CONTRACT)

12. AS AND FOR A TWELFTH, SEPARATE, AND DISTINCT

DEFENSE, DEFENDANT ALLEGES: Defendant is not liable for breach of contract because Plaintiff cannot prove that Defendant breached any express provision contained in the insurance policy issued to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (BREACH OF INSURED'S DUTIES)

13.   AS AND FOR A THIRTEENTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff cannot recover damages in connection with any alleged breach of contract because Plaintiff has failed to perform obligations under, and comply with, all conditions contained in the policy issued by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (FAILURE TO COMPLY WITH POLICY TERMS)

14.   AS AND FOR A FOURTEENTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff's FAC and each cause of action alleged therein is barred because Plaintiff failed to comply with the express conditions of her insurance policy.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (INSURANCE POLICY EXCLUSIONS)

**15.**   As AND FOR A FIFTEENTH, SEPARATE, AND DISTINCT DEFENCE, DEFENDANT ALLEGES: Plaintiff's FAC and each cause of action alleged therein is barred because Plaintiff's loss is specifically excluded by provisions of the policy.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (GENUINE DISPUTE DOCTRINE)

16.   AS AND FOR A SIXTEENTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is barred, in whole or in part, by the genuine dispute doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (PUNITIVE DAMAGES)

17. AS AND FOR A SEVENTEENTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: Plaintiff's FAC and each cause of action alleged therein fails to plead facts sufficient to support the recovery of punitive or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## (APPLICABILITY OF CIVIL CODE SECTION 3294)

18. AS AND FOR AN EIGHTEENTH, SEPARATE, AND DISTINCT DEFENSE, DEFENDANT ALLEGES: State Farm is informed and believes and based thereon alleges that Plaintiffs cannot recover any amount for punitive damages as alleged in their Complaint because California Civil Code Section 3294, pursuant to which punitive damages are sought, is void for vagueness, constitutes an unconstitutional penalty, violates specific State and Federal constitutional rights to procedural and substantive due process and equal protection under the laws thus exposing State Farm to punishment more than once for the same alleged offense, violates the excessive fines clause of the Eighth Amendment of the United States Constitution, gives the finder of fact unlimited discretion in imposing damages, and violates State Farm's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution. The standard for punitive damages fails to comply with the procedural and substantive requirements for punitive damages set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408 in that it lacks sufficiently objective criteria and procedural safeguards to give a jury adequate guidance on an appropriate range of proportionality for punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

## (RIGHT TO RAISE ADDITIONAL DEFENSES)

19. AS AND FOR A NINETEENTH, SEPARATE, AND DISTINCT

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

DEFENSE, DEFENDANT ALLEGES: Plaintiff failed to describe the cause of action with sufficient particularity to enable Defendant to determine all of its legal, contractual, and equitable rights. Defendant reserves the right to amend and/or supplement the averments of this answer and affirmative defenses and assert any and all pertinent defenses ascertained through investigation and discovery in this action.

### REQUEST FOR RELIEF

Wherefore, Defendant prays as follows:

1. For dismissal of Plaintiff's action with prejudice;
2. For an order that Plaintiff shall take no relief from the FAC;
3. For costs of suit, herein; and
4. For such further relief the Court deems fair.

Dated: November 22, 2023

THARPE & HOWELL, LLP

By: _____
HEATHER M. McKEON
EDUARDO M. OSORIO
Attorneys for Defendant,
STATE FARM GENERAL
INSURANCE COMPANY

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.
3. I served copies of the following documents (specify the exact title of each document served):

**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S ANSWER TO THE FIRST AMENDED COMPLAINT OF PLAINTIFF KAREN SHAPIRO**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Ivetta Avanesov, Esq.<br>VICITILAW<br>9701 Wilshire Boulevard, Suite 1000<br>Beverly Hills, California 90212<br>Telephone: (310) 740-9469<br>Facsimile: (310) 388-1315<br>Email: ivetta@vicitilaw.com | Attorneys for Plaintiff KAREN SHAPIRO |
| Arya Shakibkoo, Esq.<br>Adir Bababeygy, Esq.<br>SB LAW GROUP, LLO<br>6111 Pacific Blvd., Suite 215<br>Huntington Park, CA 90255<br>Telephone: (310) 420-784 7<br>Email: arya@sblawgroupca.com<br>Email: adir@sblawgroupca.com | Attorneys for Plaintiff KAREN SHAPIRO |

5.  a ___ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

b ___ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    (2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e **X** **BY ELECTRONIC TRANSMISSION**. By filing through the Court's CM/ECF system, which resulted in the generation of a Notice of Electronic Filing (NEF) confirming service on all registered CM/ECF users, including the person(s) listed above in item 4. Fed.R.Civ.P. 5(b)(2)(E), Central District Local Rule 5-3.2.

f ___ **BY ELECTRONIC TRANSMISSION**. By e-mailing the document to the persons at the e-mail addresses listed in item 4 pursuant to prior written consent of the parties served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

- 15 -
DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S ANSWER TO THE FIRST AMENDED COMPLAINT OF PLAINTIFF KAREN SHAPIRO

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 11/22/23 | Stacey Elliott | /s/ Stacey Elliott |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\34000-000\34136\Pleadings\Federal\Answer to Pltfs FAC - final.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221